**Linda LAUBE, et al., Plaintiffs,**

**v.**

**Donal CAMPBELL, et al., Defendants.**

**No. CIV.A. 02–T–957–N.**

United States District Court,
M.D. Alabama,
Northern Division.

March 28, 2003.

Stephen B. Bright, Tamara H. Serwer, Marion D. Chartoff, Lisa Kung, Southern Center for Human Rights, Atlanta, GA, John A. Russell, III, Aliceville, for Linda Laube, Theresa Barron, Barbara Bush, Lachrondria Crockett, Marjorie Ewing, Wanda Goodman, Alma Gutierrez, Lisa Hereford, La'Toya Jones, Katie Moore, Terri Newby, Barbara Pelzer, April Rice, Kelli Washington, plaintiffs.

Ellen Ruth Leonard, Office of the Attorney General, Montgomery, AL, William F. Addison, Andrew W. Redd, Alabama Department of Corrections, Legal Division, Montgomery, AL, for Donal Campball, Gladys Deese, Patricia Hood, Mary Carter.

Michael M. Shipper, Miller, Hamilton, Snider & Odom, Mobile, AL, Hugh C. Nickson, III, Miller, Hamilton, Snider & Odom, Montgomery, AL, Giles G. Perkins, Miller Hamilton Snider & Odom, LLC, Birmingham, AL, for NaphCare, Inc., Francis Henderson.

NaphCare, Inc, Birmingham, AL, pro se.

Edward A. Hosp, James V. Doyle, Jr., Office of the Governor, Montgomery, AL, for Bob Riley.

MHM Correctional Services, Inc., pro se.

## ORDER

MRYON H. THOMPSON, District Judge.

The issue now before the court is whether it should approve the initial and supplemental remedial plans the defendants have submitted to redress the unconstitutionally overcrowded and unsafe conditions at the Julia Tutwiler Prison for Women in Wetumpka, Alabama. For the reasons that follow, the court holds that it no longer has a legal basis to consider the proposed plans.

The complaint in this lawsuit charges that conditions for female inmates in the Alabama State Prison System violate the Eighth Amendment to the United States Constitution. The plaintiffs are female inmates incarcerated in three state prison facilities; the defendants are various officials of the State of Alabama and its Department of Corrections. On December 2, 2002, this court preliminarily enjoined the defendants from continuing to operate Tutwiler in an unconstitutionally overcrowded and unsafe manner. *Laube v. Haley*, 234 F.Supp.2d 1227, 1253, (M.D.Ala.2002). The defendants were ordered to file a plan that redressed immediately and fully the unconstitutional conditions at Tutwiler. *Id.*

On December 30, 2002, the defendants filed a proposed remedial plan, and, on January 15, 2003, the plaintiffs responded.

On January 21, the court heard oral arguments on the defendants' proposed plan. On January 29, the court ordered the defendants to submit, by February 7, a new plan that addressed deficiencies noted by the court, including the fact that the defendants selected their proposed measures largely on the basis of cost. *Laube v. Haley,* 242 F.Supp.2d 1150 (M.D.Ala.2003). In order to obtain the participation of the new governor, Bob Riley, the court granted the defendants' motion to extend the court's deadline to February 21. On February 21, the defendants submitted a supplemental proposed plan which suggested measures to be taken in addition to those previously proposed. On March 3, the plaintiffs responded, and, on March 6, the court heard oral arguments.

Following the March 6 hearing, the court researched limits on the preliminary injunction as set forth in the Prison Litigation Reform Act ("PLRA"), 18 U.S.C.A. § 3626. Among the limits imposed is the automatic expiration of a preliminary injunction 90 days after its entry, unless the court makes specific statutory findings "for the entry of prospective relief and makes the order final before the expiration of the 90–day period." § 3626(a)(2). Because more than 90 days had passed since the court had issued the preliminary injunction, the court sua sponte raised the issue of its expiration under § 3626(a)(2), and held a conference call with all parties on March 10.

During the March 10 conference call, the defendants assured the court that they intended to go forward with their initial and supplemental remedial plans, regardless of the status of the preliminary injunction. The plaintiffs argued that the 90–day period mandated by the PLRA had not yet begun to run because the preliminary injunction entered on December 2 did not contain any specific measures and was, therefore, not the kind of relief contemplated by the PLRA. In the alternative, the plaintiffs argued that, while the court's December 2 order may have constituted a preliminary injunction, its subsequent order on January 29, requiring the defendants to submit a new plan, constituted a renewal of the preliminary injunction. Under these circumstances, the plaintiffs argued, the 90–day period had not yet expired.

■ The court rejects both of the plaintiffs' arguments. First, while the PLRA does mandate that "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm," 18 U.S.C.A. § 3626(a)(2), the statute also plainly states that "[p]reliminary injunctive relief shall automatically expire on the date that is 90 days after its entry." § 3626(a)(2). The statute does not limit the 90–day period to only those preliminary injunctions setting forth detailed measures of relief; the statute does not distinguish between preliminary-injunctive relief that is detailed and that that is not. Indeed, to limit the PLRA's 90–day period to only detailed preliminary injunctions would be nonsensical, for there is just as much interest in assuring that non-detailed preliminary-injunctive relief is needed after 90 days as there is in assuring that detailed preliminary-injunctive relief is; both detailed and non-detailed preliminary-injunctive relief can be overly intrusive, depending on the circumstances.

■ In any event, the court clearly entered "preliminary injunctive relief,"

§ 3626(a)(2), on December 2, 2002, when it "preliminarily enjoined and restrained" the defendants "from failing to take immediate affirmative steps to redress the unconstitutionally unsafe conditions at Julia Tutwiler Prison for women." *Laube,* 234 F.Supp.2d at 1253. The fact that the court deferred to the defendants in determining the specific remedial measures necessary to effect the injunction does not detract from the fact that preliminary-injunctive relief was entered by the court on December 2. The problem is that the court and the parties later failed to meet the PLRA's requirement for extending preliminary injunctions, 18 U.S.C.A. § 3626(a)(2), and the plaintiffs cannot now get around this requirement by pretending that the December 2 order was not what it was: preliminary-injunctive relief. In the future, both the court and the parties will have to be more attentive to the PLRA's requirements.

■ Next, the plaintiffs contend that the court renewed the preliminary injunction on January 29, when it ordered the defendants to submit a new plan to comply with the preliminary injunction. The court cannot agree. At no point did the court make any findings or use any language in its order demonstrating that it was renewing, modifying, or re-issuing the preliminary injunction. Rather, the court's order simply stated that the defendants' proposed plan was unsatisfactory and required them to submit another plan. This order in no way constituted a renewal of the preliminary injunction. Furthermore, the language of the PLRA indicates that the only way to extend a preliminary injunction beyond the mandated 90–day period is for the court to make the necessary findings for prospective relief under the statute and to make the injunction final.

18 U.S.C.A. § 3626(a)(2). The court has not made any such findings, nor has it made the preliminary injunction final.

Based on the fact that more than 90 days have now passed since the court entered the preliminary injunction in this case, the court must conclude, under the terms of 18 U.S.C.A. § 3626(a)(2), that the December 2 preliminary injunction has expired. Consequently, the court now has no basis to approve or disapprove of the defendants' initial and supplemental proposed remedial plans. This is not to say, however, that the plaintiffs may not move for another preliminary injunction if they so desire. *Mayweathers v. Newland,* 258 F.3d 930, 936 (9th Cir.2001) (finding that the district court did not violate the PLRA by entering a second injunction after the first one had expired).

On these grounds, it is ORDERED as follows:

(1) The preliminary injunction issued on December 2, 2002 (Doc. no. 77), has expired.

(2) The court has no basis to consider the initial and supplemental plans submitted by the defendants to effect the preliminary injunction.